Argued and submitted December 21, 1988, judgment of conviction vacated; remanded with instructions regarding motion March 22, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## STEPHEN LEE COUGHENNOWER,
*Appellant.*

(10-87-03945; CA A46101)

770 P2d 609

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds,* Judges.

RIGGS, J.

---

* Edmonds, J., *vice* Warden, J., retired.

## RIGGS, J.

Defendant appeals his conviction for being an ex-convict in possession of a firearm. ORS 166.270. He assigns as error the trial court's denial of his motion to suppress evidence obtained in the search of an automobile in which he was a passenger.

A police officer stopped an automobile because a check of its license plates disclosed that the car did not match the vehicle described in Department of Motor Vehicle records. Defendant was a passenger in the automobile. Police asked the driver to produce her driver's license; she admitted that her license was suspended, and she was consequently arrested. During the process, the officer asked defendant his name and date of birth and ran a check on the information. Information obtained by the officer either from defendant or from the check led him to believe that defendant had given him a false name. He also saw defendant bend down, while in the passenger seat, and inferred that he was putting something under the seat. He then asked defendant to step out of the car and had another officer search the area where he had been seated. The officer found a gun, together with defendant's identification. A record search disclosed an outstanding warrant for defendant's arrest.

■ In response to defendant's motion to suppress evidence obtained in the car search, the state argued that defendant lacked standing, because he did not own the car and had denied a possessory interest in the gun seized. The court erroneously denied defendant's motion on that ground. *State v. Tanner,* 304 Or 312, 745 P2d 757 (1987); *State v. Simons,* 86 Or App 34, 37, 738 P2d 590 (1987).

■ The state now urges us to consider whether the court nevertheless correctly denied defendant's motion under the automobile exception to the warrant requirement. *State v. Brown,* 301 Or 268, 721 P2d 1357 (1986). To apply that exception, we must determine if the police had probable cause to believe that the automobile contained contraband or evidence of a crime. *State v. Brown, supra,* 301 Or at 276. We cannot make the determination, because the court made no express findings and the "facts" to which the parties stipulated in the motion hearing are vague and are interpreted differently by each party in its brief. In particular, the chronology of the

events involving defendant's identification and the search of the car is not clear. Consequently, we remand for specific findings of fact and a redetermination of the motion to suppress. *See State v. Wise,* 305 Or 78 n 2, 749 P2d 1179 (1988).

Defendant's other assignment of error is without merit.

Judgment of conviction vacated; remanded for findings of fact on defendant's motion to suppress; if the trial court denies motion to suppress, it shall reinstate the conviction; if motion is granted, it shall order a new trial.