On appellant's motion for reconsideration filed March 27 of opinion filed March 15
(133 Or App 600, 891 P2d 24); motion for reconsideration allowed; judgment
vacated; reversed and remanded with instructions May 3, 1995

# STATE OF OREGON,
*Respondent,*

*v.*

# SINDY LYNN LYMAN,
*Appellant.*

## (10-93-02538; CA A83328)

894 P2d 1219

Peter Gartlan, Deputy Public Defender, for motion.

Before Riggs, Presiding Judge, and Landau and Leeson,
Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant moves for reconsideration of our decision in *State v. Lyman*, 133 Or App 600, 891 P2d 24 (1995), which affirmed without opinion her conviction for possession of methamphetamine, a controlled substance. ORS 475.992. We allow the motion, vacate the judgment of conviction and remand for further proceedings.

Before trial, defendant moved to suppress evidence seized by police officers who had visited her apartment building to investigate a landlord-tenant dispute. The evidence showed that upstairs tenants had spoken with the officers and then ushered them down to the ground floor level, through a sliding glass door and into what is described as the "upstairs or front room" of defendant's basement apartment. Once inside that room, the officers knocked on a door that led down a flight of stairs and into the main part of defendant's apartment. Defendant, who was in her basement apartment drinking coffee and smoking a marijuana "joint," climbed the stairs and opened the door. When she did, the officers smelled marijuana. They asked for and received defendant's consent to search for it in her apartment. During the course of their search, they found a baggie of methamphetamine.

The issue at the suppression hearing was whether the officers' presence in defendant's upstairs/front room was lawful. If it was not, then the basis for their decision to seek consent was obtained through the exploitation of their illegal entry, the illegality tainted defendant's subsequent consent, and the evidence that was seized as a result of that consent could not be used against defendant. *See State v. Land*, 106 Or App 131, 137, 806 P2d 1156 (1991) (exploitation occurs when officers "trade on" information that is obtained as a result of an illegality, *e.g.*, when officers make an unauthorized entry and observe something that prompts them to seek consent to search the premises). The lawfulness of the officers' presence in this case depends on whether the upstairs tenants were authorized both to enter the room without obtaining defendant's permission and to permit the officers to enter. It was undisputed that, because the upstairs tenants' dryer was broken at the time, they were allowed to enter defendant's front room to use her laundry facilities.

However, there was conflicting testimony as to whether they were allowed to enter the room without defendant's permission.

Our review of the colloquy between the trial judge and counsel does not show that the court resolved that pivotal question. Instead, it ruled that the officers were "on the premises"[1] to make "an inquiry under civil law with regard to the landlord dispute" and that defendant had "willingly and voluntarily" consented to the subsequent search. On the basis of those rulings, the court denied defendant's motion to suppress.

According to the state, we may "resolve the conflicting testimony in support of a finding that" the tenants did not need permission to enter and use the dryer. On reconsideration, we conclude that the state is incorrect as to our authority to make factual findings in a criminal case and, in any event, the finding it would have us make is incomplete, because the entry in this case went beyond the limited purpose of using defendant's dryer. Although there are circumstances in which we may presume that a trial court has tacitly resolved factual questions in a manner consistent with its legal conclusions, *State v. Parker*, 317 Or 225, 230, 855 P2d 636 (1993), the findings made by the trial court in this case were, if anything, contrary to its ultimate conclusion. The court found that the upstairs tenants' access to defendant's front room was "only on a limited basis, that was to dry their clothes," and that the tenants communicated with defendant by knocking on the floor or telephoning her;[2] it concluded that defendant "had a privacy interest in" the front room, and it found that the officers had not smelled the marijuana before entering that "zone of privacy."

The confusion that led to this appeal appears to have been caused when the trial court adopted the state's ambiguously worded position that the officers were "lawfully on the *premises*" due to the noncriminal purpose of their visit and

---

[1] Although the trial court did not specify whether the word "premises" referred to the entire apartment building or to defendant's upstairs room in particular, its other findings, discussed *infra*, suggest that "premises" referred to the building in general.

[2] The court found that "if [the tenants] wanted her they knocked, they telephoned, 'the police are here,' she'd come up."

that, as a result, they had a "right to be *there* and [to] approach *the area in question*." (Emphasis supplied.) The court failed to specify the meaning of the emphasized words and, more importantly, failed to make the necessary and dispositive findings of fact regarding the *tenants'* authority. Accordingly, we remand for the court to make findings as to the tenants' authority to enter defendant's upstairs/front room without her permission and for a purpose that extended beyond the use of her dryer. The court should then dispose of defendant's motion to suppress on the basis of those findings. If, on remand, the trial court finds facts that require the granting of defendant's motion to suppress, the court shall order a new trial. If the facts support the denial of defendant's motion, the judgment of conviction shall be reinstated. *State v. Coughennower*, 95 Or App 699, 770 P2d 609 (1989).

Motion for reconsideration allowed; judgment of conviction vacated; reversed and remanded for further findings of fact on defendant's motion to suppress; if trial court denies motion to suppress, it shall reinstate conviction; if motion is granted, it shall order a new trial.