Argued and submitted November 26, vacated and remanded for reconsideration in part; otherwise affirmed December 26, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## VICTOR LANE BRAGA,
*Appellant.*

00-05-34361; A112236

60 P3d 551

Steven V. Humber, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers,

Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Assistant Attorney General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for conspiracy to possess a controlled substance, conspiracy to manufacture a controlled substance, possession of a controlled substance, manufacture of a controlled substance, and felon in possession of a firearm. He challenges the trial court's denial of his motion to suppress, arguing that the trial court erred in concluding that, even if he previously had invoked his right to counsel, his statements made following advice of *Miranda* rights by another officer were obtained lawfully.

The state concedes that the trial court erred, but argues that the proper remedy is to vacate the judgments of conviction on the drug-related charges and remand with authorization to reopen the suppression hearing so that the trial court can determine whether defendant actually invoked his right to counsel before the questioning occurred. The state also argues that the firearms charge should be affirmed because defendant's statements with respect to firearms were made before his asserted invocation of his right to counsel. Defendant contends that the suppression hearing should not be reopened and that he is entitled to have the convictions simply reversed and the case remanded for a new trial. For the reasons that follow, we agree with the state.

Police attempted unsuccessfully to serve an arrest warrant on defendant at his residence. A few days later, they received a call regarding a disturbance at the same residence. When they arrived, they obtained permission to enter the residence and arrested defendant. They advised defendant of his *Miranda* rights and asked him for permission to search the residence for guns. They found two rifles. Meanwhile, defendant was placed in a police car. According to his version of the ensuing events, a detective attempted to interview him in the car, at which point defendant said, "I want to see my lawyer." Defendant says that the detective terminated the interview. Five minutes later, Officer Wheat approached defendant and said that she wanted to talk with him. She advised him of his *Miranda* rights and then spoke with defendant for about ten minutes. Defendant told her that he had permitted other individuals to cook methamphetamine in his house and that he received rent for that activity.

Before trial, defendant moved to suppress any evidence obtained from the search of the residence and any evidence that was obtained as a result of that search. Defendant's motion and supporting memorandum did not assert that the statements that he made to Wheat should have been suppressed because he had earlier invoked his right to counsel. After the state rested, however, defendant did make that argument. The trial court responded in colloquy with the prosecution:

> "Tentatively, the only issue in my mind is the likelihood, on a more likely than not standard, that the defendant invoked before he spoke to Wheat, and that Wheat didn't know it and kept going. That's going to happen.
>
> "* * * * *
>
> "I mean, do you contend that it doesn't matter? If I find—and this is not implausible to me—that the defendant did invoke, having been (inaudible) more disputatious than most defendants who give it up easily. He's been jerked around, he's in the car.
>
> "Oh, his own fault. I get the point.
>
> "But he may well have said to [the detective], 'I want a lawyer.' Unbeknownst to Wheat, who then comes and talks to him about the meth lab, he doesn't contend that he invokes with her until the end."

The prosecution then replied that, even assuming for the sake of argument that another officer heard defendant invoke his right to counsel, Wheat was entitled to question him once she advised him of his *Miranda* rights. The trial court commented:

> "Well, there's ambiguity. I mean, he concedes—there's one—one way of—one thing that's literally true from his testimony, because of the way the questions and answers came in, was he—she interrogated, she advised him of his rights after he asked for an attorney. 'I had asked for an attorney first.' Well, he asked for it a second time according—which could easily be a second time when Officer Wheat concluded the testimony—or the interrogation. In other words, there's a way to put this together so everybody's telling the truth as best they know it. There really is.
>
> "Okay. I'm prepared to rule. * * *

"*  *  *  *  *

"I'm finding the hardest part of this is the defendant's statements after talking to—statements to Wheat.

"On a more likely than not basis, *if the defendant had invoked counsel * * ** Officer Wheat was unaware of that, advised defendant of his *Miranda* rights. She lawfully acquired his statements before he invoked. And they were voluntary."

(Emphasis added.)

■     On appeal, defendant contends that the trial court erred in concluding that it did not matter that he already had invoked his right to counsel when Wheat began to question him. Again, the state concedes that point, citing *State v. Simonsen*, 319 Or 510, 517, 878 P2d 409 (1994), in which the Supreme Court held that an invocation of a right to counsel to a responsible officer must be imputed to each of the officers in the same agency. We agree with defendant and the state that, under *Simonsen*, if defendant had earlier invoked his right to counsel to a responsible officer, that invocation must be imputed to Wheat. As a result, the trial court erred in denying defendant's motion to suppress.

■     As we have noted, the state argues that the proper remedy is to vacate the drug-related convictions and remand to the trial court to permit it to determine whether, in fact, defendant did invoke his right to counsel before talking to Wheat. If defendant did not, the state argues, the trial court properly can deny the motion to suppress and the drug-related convictions can be reinstated. Defendant objects to that suggestion, arguing that the trial court already has found that defendant invoked his right to counsel before talking to Wheat.

We are able to identify no such finding in the record. The trial court repeatedly reserved judgment on the matter. During the colloquy, for example, the court said only "[i]f I find—and this is not implausible to me—that the defendant did invoke," and "he may well have" invoked his right to counsel before talking to Wheat. In its ruling, the court similarly said, conditionally, that "if the defendant had invoked counsel," it did not matter because Wheat had advised him of

his *Miranda* rights. The trial court never made the finding that, in fact, defendant did invoke his right to counsel before talking to Wheat.

Defendant insists that, when the trial court suggested that there is "a way to put this together so everybody's telling the truth," the trial court implicitly accepted his version of the events. We do not see the same implicit finding that defendant does. At best, the matter is ambiguous. We conclude that the trial court should be permitted, after receiving any additional evidence the parties wish to offer, to determine expressly whether defendant invoked his right to counsel before talking to Wheat.

As for the judgment of conviction on the firearms charge, we agree with the state that it remains unaffected by the trial court's decision on the suppression motion.

Judgment of conviction for conspiracy to possess a controlled substance, conspiracy to manufacture a controlled substance, possession of a controlled substance, and manufacture of a controlled substance vacated and remanded for reconsideration of defendant's motion to suppress; if the trial court denies the motion to suppress, the vacated convictions shall be reinstated; if the trial court grants the motion to suppress, defendant shall be granted a new trial on the charges for which the convictions were vacated; otherwise affirmed.