### STATE OF OREGON,
*Respondent,*

*v.*

### JODY WALTER WILLIAMS,
*Appellant.*

04CR0347; A126263

138 P3d 885

Brandon G. Williams, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Oregon Public Defense Services.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant was convicted by jury of driving while under the influence of intoxicants, ORS 813.010. On appeal, defendant assigns error to the trial court's denial of his motion to suppress evidence of his refusal to take a breath test, arguing that the state denied him the opportunity to privately consult with an attorney in violation of Article I, section 11, of the Oregon Constitution. We vacate and remand to the trial court for additional findings.

Defendant was stopped by a police officer for failure to stop at a stop sign. That officer and another officer independently observed signs that defendant was impaired, including slurred speech, glassy eyes, and an odor of alcohol. Defendant subsequently failed field sobriety tests. He was then arrested and transported to jail. At the jail, defendant refused to submit to a breath test.

Prior to trial, defendant filed a motion to suppress evidence of his refusal to submit to a breath test because he had been denied an opportunity to call an attorney before deciding whether he should submit to the breath test. In cross-examination, the following colloquy took place:

"Q.   Isn't it true that you were given the opportunity to call your attorney but you said that the attorney wouldn't be in the office until tomorrow morning and you would call then?

"A.   No. What was stated [is that] I would like to call my attorney and not off a phone that had been taped. And, they said that's the only phone. And, then I said, 'Well, I don't want to use that phone.'

"Q.   But, you were given an opportunity to make a phone call, weren't you?

"A.   On a taped phone, which is (not understandable) client privilege. You don't have to use.

"Q.   The answer is yes or no. You were given the opportunity to make a phone call, weren't you?

"A.   No, I was not."

In comments to the omnibus hearing court, defense counsel conceded that he had not anticipated that the issue of

whether defendant's right to a private consultation had been violated would be raised. Nonetheless, he urged the court to grant defendant's motion to suppress on that basis, among others.

■ The court denied defendant's suppression motion. The court noted that defendant had the right to a confidential call to his attorney, but it determined that

> "[t]he fact that [defendant] is offered a phone that may have a tape recording doesn't mean it lacks its confidentiality, because the State would not have the right to listen to that conversation. The only requirement of the officer is that he leave the room so [defendant] can have a confidential or private conversation. And, it appear[s] that the officer was willing to do that."

On appeal, defendant argues that the trial court's denial of his motion to suppress was erroneous in several different respects, including the court's assumption that there is no violation of a defendant's right to privately consult with counsel where no representative of the state subsequently listens to the recording.[1] Defendant maintains that, to the contrary, requiring him to use a recorded phone line violated his right under Article I, section 11, of the Oregon Constitution to a meaningful opportunity to privately consult with his attorney.[2]

The state concedes that the court's reasoning was erroneous. We accept the state's concession. In *State v. Riddle*, 149 Or App 141, 941 P2d 1079, *rev den*, 326 Or 68 (1997), we held that the recording of a defendant's phone call with her counsel, when that defendant had sought legal advice prior to submitting to a breath test, constituted "a serious infringement on the defendant's right to a private consultation," *id.* at 147, one that is not "cured later simply because no one listened to the tape," *id.* at 148. Pursuant to

---

[1] Because we agree that the trial court erred regarding the taping of any telephone call by defendant to an attorney, we do not consider defendant's other arguments.

[2] Article I, section 11, provides, in part:

> "In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel."

*Riddle*, we hold that the trial court erred in its reasoning in denying the motion to suppress.

■ As a remedy, the state urges that we remand to the trial court with instructions to render a finding on whether, in fact, telephone conversations occurring over the telephone line were subject to being recorded. Such a remedy would be consistent with our instructions in several decisions cited by the state, including *State v. Braga*, 185 Or App 494, 499, 60 P3d 551 (2002) (remanded to trial court to determine whether defendant invoked his right to counsel before questioning), and *State v. Lyman*, 134 Or App 212, 216, 894 P2d 1219 (1995) (remanded for findings as to authority of tenant to enter the defendant's room without permission). The state explains that, here, the trial court rendered no finding on the "crucial fact" of whether the phone line offered to defendant was recorded because the court wrongly believed that the confidential nature of the call would be maintained even on a recorded line. The state asserts that if the court finds that the phone line was recorded, defendant should receive a new trial with the evidence that he refused the breath test suppressed. But if the court finds that the telephone line offered to defendant was not recorded, the state argues that the trial court should affirm defendant's conviction.

Defendant argues that the proper remedy is reversal of his conviction and remand for a new trial without the admission of evidence of his refusal to take the breath test, with no additional factfinding on whether the line was recorded. Specifically, defendant argues that he had filed a pretrial motion in which he argued "that the state had denied him the opportunity to privately confer with his attorney" and that the state "presented no evidence to rebut that argument." Defendant reasons that

> "the state bore the burden before the trial court to develop a record showing that the telephone line was not recorded. It failed to do so. Therefore, the evidence in the record supports only one reasonable inference: that the telephone line *was* tape recorded. Therefore, the proper remedy on appeal is reversal of the order denying defendant's motion to suppress and remand for a new trial."

(Emphasis in original.)

■ As an initial matter, we reject defendant's position that the state bore the burden of showing that the telephone line was not recorded. In his motion to suppress, defendant simply did not assert that his right to *privately* consult with his attorney was violated when police officers allowed him to use only a recorded telephone. The relevant portion of defendant's motion stated, in its entirety, "Also, contrary to the police report, defendant claims that he was not afforded an opportunity to make a phone call." That sentence is most plausibly understood to mean that no opportunity to make a telephone call was offered, rather than that an opportunity to make a telephone call was offered to defendant on a line that was recorded. Put another way, in his motion to suppress, defendant did not assert that the state had failed to offer him the right to privately consult with counsel. Even defendant's counsel conceded, in his comments to the omnibus hearing court, that he had not anticipated that the right to a private confidential conversation with counsel would be an issue in the hearing. We therefore reject defendant's argument that his motion to suppress imposed on the state the burden to show that the telephone line offered to defendant was not recorded.

Defendant also relies on *State v. Durbin*, 335 Or 183, 63 P3d 576 (2003), to support his position that the state bore the burden to prove that the telephone line was not recorded. In *Durbin*, the defendant had asserted that police violated his right to a private consultation with an attorney prior to his decision to take a breath test when an officer remained within earshot while the defendant conferred by telephone with his attorney. 335 Or at 185-86. Defendant argues that,

> "[i]n *Durbin*, the state failed to present evidence on the record that the officer's presence while defendant spoke on the phone with his lawyer did not affect the defendant's decision to take the breath test. 335 Or at 192. The remedy imposed by the court was reversal of the order denying the defendant's motion to suppress and remand for a new trial without the breath test evidence. 335 Or at 194. This case is indistinguishable from *Durbin*."

Defendant misreads *Durbin*. First, *Durbin* did not hold that the state bore the burden of producing evidence to

show that no harm resulted from an officer's wrongful insistence on remaining in the immediate proximity of a defendant who attempted to have a private telephone consultation with his lawyer. Instead, *Durbin* simply rejected the state's argument that the burden was on a defendant to show that his ability to consult with counsel was chilled by the officer's presence. *Id.* at 192.[3] Second, *Durbin* is clearly distinguishable from defendant's case in one key respect, namely that the defendant in *Durbin* had argued, *in his motion to suppress,* that "his right to counsel was violated because he was denied private consultation with counsel." *Id.* at 186. The defendant in *Durbin*, therefore, did not advance the privacy issue for the first time at the suppression hearing, as defendant does here.

Accordingly, we conclude that neither defendant's motion to suppress nor the Supreme Court's decision in *Durbin* requires us to decide that the state bore the burden to prove not only that it had offered defendant the opportunity to call his attorney prior to his decision regarding submission to the breath test, but also that the telephone line that officers provided to defendant was not recorded. Furthermore, we see no reason to fashion a rule that imposes a burden on the state to produce evidence to rebut defense arguments that are raised for the first time in an omnibus hearing held to consider a defendant's motion to suppress, where such arguments bear only an attenuated relationship with the natural reading of the assertions defendant made in the written motion.

We next consider defendant's argument that, because the state offered no rebuttal evidence regarding whether the telephone line was recorded, we must infer that the telephone line, in fact, was recorded. Again, we disagree. The record is consistent with two plausible explanations for why the state offered no rebuttal evidence: (1) the telephone line was recorded and (2) the state was not aware, prior to defendant's testimony, that defendant was contending he

---

[3] In *Durbin*, the court held that the violation of the defendant's constitutional right to a reasonable opportunity for a private consultation with his counsel before taking a breath test was sufficiently egregious to require exclusion of the results of that test without any need to speculate on "the effect of the arresting officer's presence on defendant's communications with his lawyer or defendant's decision to take the breath test." 335 Or at 192.

was denied a private telephone call with counsel. Neither inference, however, is compelled by the record. Accordingly, we reject defendant's position that we order the trial court to conduct a new trial with the evidence of his refusal suppressed, with no additional findings required. We conclude that the court must determine whether the telephone line that officers offered to defendant was, in fact, recorded.

Vacated and remanded with instructions to make findings on whether the telephone line was recorded. If the trial court finds that the telephone line was recorded, it shall grant defendant's motion to suppress and order a new trial. If the trial court finds that the telephone line was not recorded, it shall deny defendant's motion to suppress and reinstate defendant's conviction.