Argued and submitted June 13, affirmed December 5, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT C. GREENOUGH,
*Defendant-Appellant.*

Multnomah County Circuit Court
040648091; A128097

173 P3d 1227

William Uhle argued the cause and filed the brief for appellant.

Laura S. Anderson, Assistant Attorney General, argued the cause for respondent On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

SERCOMBE, J.

### SERCOMBE, J.

■     Defendant appeals a judgment of conviction for driving under the influence of intoxicants. He assigns error to the trial court's denial of his motions to suppress evidence of his refusal to submit to a breath test and to perform field sobriety tests. We review the denial of the motions to suppress for errors of law. *State v. Woodall*, 181 Or App 213, 217, 45 P3d 484 (2002). We affirm.

On June 20, 2004, at 1:30 a.m., officers Kulhanjian and Fields stopped defendant after observing him weaving back and forth in his lane and failing to use a turn signal. As Kulhanjian approached defendant's car, he noticed a strong smell of alcohol. Kulhanjian asked for defendant's license, registration, and proof of insurance; defendant had difficulty retrieving those documents because of poor coordination. Defendant slurred his words as he attempted to answer the officers' questions; the officers also noticed defendant throw a lighted cigarette out the window. Defendant attempted to get out of his car and had difficulty maneuvering his body to do so, and the officers told him to get back into the car. Kulhanjian again noticed a strong odor of alcohol coming from the car and defendant's slurred speech.

Suspecting that defendant was driving under the influence of intoxicants, Kulhanjian helped defendant out of his car and read the standard field sobriety test admonition.[1] He asked defendant if he would perform a set of nontestimonial field sobriety tests. Defendant refused to perform any field sobriety tests.

The officers then arrested defendant and brought him to the precinct. An officer read him his *Miranda* rights but he declined to call a lawyer. Defendant was advised of his

---

[1] The admonition read,

"I'm going to ask you to submit to a purely physical field sobriety test. None of the tests I will ask you to perform will require you to reveal your thoughts, beliefs or state of mind. The test may include the horizontal gaze nystagmus test, walk and turn test, the one leg stand test, the finger-to-nose test, the Romberg balance test. Refusal to submit to these purely physical tests may be used against you. Do you have questions regarding these tests or what I'm asking you to do? Will you do these purely physical field sobriety tests?"

implied consent rights and consequences and was asked to submit to a breath test; he refused. Defendant was cited for driving under the influence of intoxicants, throwing burning material onto the ground, and refusing to submit to a breath test.

Defendant filed the two motions to suppress at issue in this case based on Article I, section 9, of the Oregon Constitution,[2] arguing that the admission of evidence of his refusals to submit to field sobriety tests and a breath test violated his state constitutional right against unreasonable searches. After hearing testimony from Kulhanjian and Fields, the trial court denied defendant's motions. The court found that the warrantless search consisting of the administration of field sobriety tests would have been justified by probable cause to believe that defendant was under the influence of intoxicants and the exigent circumstances of the dissipating evidence of defendant's blood alcohol content. The court made similar findings on the justification of the seizure of defendant's breath specimen without a search warrant. The court held that "[t]here is no right to refuse a constitutionally valid search" and that evidence of that refusal was admissible in defendant's trial. A jury ultimately convicted defendant of driving under the influence of intoxicants.

On appeal, defendant does not challenge the trial court's conclusion that administration of the field sobriety tests and a breath test would have been lawful under Article I, section 9, of the Oregon Constitution.[3] In *State v. Gefre*, 137 Or App 77, 903 P2d 386 (1995), *rev den*, 323 Or 483 (1996), we held that a defendant's rights under Article I, section 9, of the Oregon Constitution were not implicated by admission of evidence of a refusal to submit to a constitutionally reasonable search. In *Gefre*, the defendant asserted that admission of evidence of his refusal to submit to a breath test of blood alcohol content was impermissible because "that evidence

---

[2] Article I, section 9, provides, in part, "No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure * * *."

[3] Nor does defendant contend that introducing evidence of his refusals to submit to the tests violates his privilege against compelled self-incrimination under Article I, section 12, of the Oregon Constitution.

permitted the jury to infer guilt from his exercise of his constitutional right under the state and federal constitutions to be free from unreasonable searches." 137 Or App at 83. We held:

> "Defendant's argument incorrectly assumes that he had a right to refuse the breath test in the first place when, in fact, he did not. Because we conclude that [the arresting police officer] had probable cause to believe that defendant had been driving under the influence, and because the officer was faced with exigent circumstances occasioned by the evanescent nature of defendant's blood-alcohol content, defendant had no constitutional right to refuse the administration of a breath test. *State v. Nagel*, 320 Or 24, 31-34, 37, 880 P2d 451 (1994). Therefore, defendant's rights under Article I, section 9, and the Fourth Amendment were not implicated."

*Gefre*, 137 Or App at 84.

■ Thus, in *Gefre*, we rejected the contention that refusal of a reasonable demand for a breath test of blood alcohol content is an exercise of a constitutional right under Article I, section 9. The admission of evidence of such a refusal does not prejudice any exercise of rights under Article I, section 9. The same conclusion results from a refusal to submit to reasonable and nontestimonial field sobriety tests. Defendant does not claim otherwise.

Instead, defendant contends that the state seized evidence of his refusal to undergo the tests and that a warrant was necessary before that seizure. Defendant argues that exigent circumstances do not excuse the failure to obtain a warrant approving the field sobriety and breath tests before capturing evidence of his refusals because the evidence of his refusals was not at risk of being lost. As explained below, those contentions lack merit. The relevant state action is a police officer's observation of and testimony about defendant's conduct of refusing the tests. That state action is neither a search nor a seizure.

■■ A "search" under Article I, section 9, is "an intrusion by a governmental officer, agent, or employee into the protected privacy interest of an individual." *State v. Rhodes*, 315

Or 191, 196, 843 P2d 927 (1992). Defendant's refusals to perform field sobriety tests and take a breath test are not "protected privacy interest[s]." The refusal to take a breath test after lawful demand is a criminal offense. ORS 813.095. ORS 813.130(2)(a) makes evidence of a refusal to take a breath test allowed by ORS 813.100 admissible in a criminal trial. ORS 813.130(2)(a). Similarly, under ORS 813.136, evidence of a refusal to submit to field sobriety tests "is admissible in any criminal or civil action or proceeding arising out of allegations that the person was driving while under the influence of intoxicants." Defendant's refusals are neither protected nor private, and police observations of those refusals are not "searches" under Article I, section 9.

Nor are the observations seizures under Article I, section 9. Under that constitutional provision, a seizure of property occurs "when there is a significant interference with a person's possessory or ownership interests in property." *State v. Owens*, 302 Or 196, 207, 729 P2d 524 (1986). Defendant has no property interest in the perception of his actions by the police.

A seizure of a person occurs under Article I, section 9, "(a) if a law enforcement officer intentionally and significantly restricts, interferes with, or otherwise deprives an individual of that individual's liberty or freedom of movement; or (b) whenever an individual believes that (a), above, has occurred and such belief is objectively reasonable in the circumstances." *State v. Holmes*, 311 Or 400, 409-10, 813 P2d 28 (1991) (footnote omitted). There is no actual or perceived seizure of a person by the police conduct in watching defendant's conduct of refusing the tests.

In sum, defendant's right to be free from unreasonable searches did not grant him the constitutional right to refuse a breath test or a field sobriety test, when requiring those tests would have been supported by probable cause and the officer was faced with exigent circumstances occasioned by the dissipation of the alcohol content in defendant's blood. Nor was the state obliged to obtain a warrant before introducing evidence of defendant's refusals to submit to those tests.

Affirmed.