Argued and submitted September 29, 2009, affirmed March 24, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOHN CHRISTOPHER MENDOZA,
*Defendant-Appellant.*

Multnomah County Circuit Court
061052426; A135738

228 P3d 635

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Matthew J. Lysne, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers,

Attorney General, Mary H. Williams, Solicitor General, and Sally L. Avera, Senior Assistant Attorney General. On the supplemental brief were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.

Before Brewer, Chief Judge, and Sercombe, Judge, and Deits, Senior Judge.*

BREWER, C. J.

---

\* Brewer, C. J., *vice* Edmonds, P. J.

**BREWER, C. J.**

Defendant, who was convicted of driving under the influence of intoxicants (DUII) based on a conditional guilty plea, ORS 135.335(3), argues on appeal that the trial court erred in denying his motion to suppress evidence of the results of a breath test. For the reasons explained below, we affirm.

The pertinent facts are not in dispute. Deputy Cordes arrested defendant for DUII, gave him *Miranda* warnings, and took him to the police station. Defendant did not invoke any of his *Miranda* rights or suggest in any way that he wished to consult with an attorney. At the station, Cordes took defendant to the Intoxilyzer room, which is where officers do paperwork and conduct a pre-breath-test observation of suspects. Cordes informed defendant that he was being videotaped while in that room, and defendant responded, "I know." Cordes placed a telephone and phone books next to defendant, telling him that he could call anyone he wanted, including a lawyer if he chose. Defendant began making calls from his cell phone. He first called and left a message for his girlfriend, then he called a friend, and finally he called his employer and left a message that he was having a family emergency. Cordes then asked defendant if he wanted to make any more calls, and defendant said that "there was nothing really more he could do." Cordes then concluded his paperwork and the observation period, after which defendant took the breath test, with a result showing a blood alcohol content level of .21 percent.

Cordes testified at the suppression hearing that, had defendant expressed a wish to call a lawyer or attempted to do so, he would have placed defendant in a holding cell where he could have had privacy to make that call. Cordes did not, however, tell defendant that he would be given privacy to make a call to an attorney.

■ Defendant contended at the suppression hearing, and repeats on appeal, that if an officer tells a DUII suspect that the suspect has a right to talk to an attorney before taking a breath test, the officer must also tell the suspect that the communication will be private. Defendant acknowledges that the existing case law on the subject does not provide for

that, but argues that it is a logical extension of the existing case law.[1]

The state responds that a defendant's right under Article I, section 11, of the Oregon Constitution to consult with an attorney before taking a breath test is triggered by a person's invocation of the right and that, because defendant never invoked that right, the state could not have violated it.

In *State v. Spencer*, 305 Or 59, 74-75, 750 P2d 147 (1988), the court held that, under Article I, section 11, a suspect who has been arrested for DUII has a "right upon request to a reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test." Moreover, a suspect who invokes that right need not specifically request privacy to consult with an attorney: "[T]he request for counsel, by itself, indicates that the arrested driver wants the essential elements that inhere in that right, including the opportunity for confidential communication." *State v. Durbin*, 335 Or 183, 191, 63 P3d 576 (2003). That right, however, is triggered by the suspect's request to speak to an attorney; it is not violated if the suspect never invokes the right to speak to an attorney. *State v. Schneider*, 201 Or App 546, 557, 120 P3d 16 (2005), *adh'd to on recons*, 204 Or App 710, 131 P3d 842, *rev den*, 341 Or 392 (2006) (the right to counsel in this context "is triggered by a defendant's request").

Defendant argues that *Schneider* does not apply because, in that case, the defendant was not specifically informed of his right to consult an attorney before deciding whether to take a breath test and did not invoke that right. Here, defendant argues, he *was* informed of his right to call an attorney, and therefore, in his view, the officer, having

---

[1] Defendant also suggests, in a supplemental brief, that his calling nonattorneys during the observation period should be viewed as an equivocal invocation of his right to counsel that triggered an obligation for Cordes to inquire further about whether defendant wanted to contact an attorney. *See State v. Ohm*, 224 Or App 390, 395, 197 P3d 1136 (2008) (defendant's statement that she "wanted to ask someone for advice" about whether to take the breath test was an equivocal invocation of her Article I, section 11, right to consult an attorney). Because it is not well developed, we reject defendant's argument that this case is factually similar to *Ohm* without further discussion.

told him of that right, was required to further inform him, either by words or by providing privacy, that should he invoke that right, the consultation would be private. Defendant asserts that our decision in *State v. Matviyenko*, 212 Or App 125, 157 P3d 268 (2007), supports his argument.

In *Matviyenko*, the defendant expressed a wish to call an attorney at the time he was arrested and given his rights. The arresting officer told him that he would have an opportunity to call an attorney when they reached the patrol office. *Id.* at 127. The officer took the defendant to the patrol office, placed him in the Intoxilyzer room with a telephone and phone books, then sat next to the defendant, who proceeded to call his wife. *Id.* The officer did not tell the defendant that he would be afforded privacy to talk to an attorney, and the defendant did not specifically request privacy to talk to an attorney. We concluded that the defendant's rights under Article I, section 11, had been violated:

> "[W]e acknowledge that an officer may be justified in remaining in the room until contact with an attorney is made in order to ensure that the suspect actually calls an attorney rather than using the telephone for some inappropriate purpose. However, *when a DUII arrestee has asked to call an attorney, if an officer intends to remain seated in the room until the call is made, we think that the onus is properly on the officer to inform the arrestee—before the call is made—that, once he or she contacts an attorney, privacy will be afforded.* That is because a person in circumstances such as these could reasonably conclude that, if an officer says that the person may make his or her phone calls and then sits down at the desk, the officer is planning to remain for the duration of the calls. Such a person would rightly assume that any statements made in the officer's presence would not be confidential, *Durbin*, 335 Or at 192, and thus be inclined not to make the call. *Cf. State v. Goss*, 161 Or App 243, 250, 984 P2d 938 (1999) (it is reasonable to assume that an officer's presence in the room during telephone consultation with an attorney chills the defendant's ability to communicate); *State v. Riddle*, 149 Or App 141, 148, 941 P2d 1079, *rev den*, 326 Or 68 (1997) (noting the 'chilling effect' of recording a telephone conversation even though the defendant was told that no one would listen to the recording). Moreover, to conclude otherwise would

require the suspect to reassert the right to private consultation, a result that *Durbin* precludes."

*Matviyenko*, 212 Or App at 130 (emphasis added).

Defendant asserts that the present case is essentially the same. In *Matviyenko*, the defendant asked to talk to an attorney and, thus, was aware of his right to do so; here, defendant was informed of his right to talk to an attorney and, thus, was aware of his right to do so. In defendant's view, a DUII suspect who knows of the right to consult with an attorney before deciding whether to take a breath test must be offered the privacy to do so.

We disagree that the case law supports defendant's argument. *Spencer*, *Durbin*, and *Matviyenko* all premised their holdings on the preliminary fact that the defendant in each case had asked to consult with an attorney before deciding whether to take a breathalyzer test. In *State v. Burghardt*, 234 Or App 61, 227 P3d 783 (2010), we recently emphasized that the constitutional right in question must actually be invoked before an officer needs to provide the opportunity for a private consultation with an attorney. In *Burghardt*, the defendant and the arresting officer specifically discussed the defendant's desire to talk to an attorney. The defendant told the officer that he wanted to call his father, who was an attorney but who could not represent defendant. The defendant explained that he wanted to get a telephone number from his father. *Id.* at 63. The officer specifically asked if the defendant was making a call to obtain legal advice, explaining that he would let the defendant consult privately with his father for that purpose. The defendant said that he was not seeking legal advice from his father. He then made calls to his father and to a friend in the officer's presence and subsequently submitted to a breath test. *Id.* at 63-64 The trial court suppressed the evidence of the breath test on the ground that the officer had not afforded the defendant privacy when he had talked to his father. The state appealed, and we reversed. We explained that "an individual's right to such confidentiality is triggered by a request for legal advice[.]" *Id.* at 65. We noted that nothing that the defendant had told the arresting officer "triggered the right

to a confidential phone call. He did not tell [the arresting officer] that he wished to make a call for the purpose of obtaining legal advice." *Id.* at 66.

In each of the cases discussed above, the dispositive issue concerned the defendant's invocation of his or her right to consult an attorney before taking the breath test, not the defendant's knowledge of the existence of such a right. Defendant has cited no authority, and we are aware of none, to support the proposition that a DUII suspect's limited right to consult an attorney in the context of deciding whether to take a breath test is violated in the absence of an invocation of the right. Accordingly, we conclude that defendant's proposed extension of the rule of law set out in *Matviyenko* is not supported by the rationale of the cases explaining the Article I, section 11, right. We decline defendant's invitation to extend the nature of the right to encompass situations such as this, where the suspect never indicated any wish to contact an attorney.

Affirmed.