Argued and submitted March 1, 2002, decision of Court of Appeals and judgment of circuit court reversed and case remanded to circuit court for further proceedings February 13, 2003

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## THOMAS EVERETT DURBIN,
*Petitioner on Review.*

## (CR980102; CA A105880; SC S48501)

63 P3d 576

Beth Corbo, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief was David E. Groom, State Public Defender.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.**

BALMER, J.

---

** Leeson, J., resigned January 31, 2003, and did not participate in the decision of this case.

## BALMER, J.

Defendant was charged with driving under the influence of intoxicants (DUII).[1] He moved to suppress the results of his breath test, arguing that the presence within earshot of the arresting officer when he consulted a lawyer by telephone before taking the breath test violated his right to counsel under the Oregon Constitution. The trial court denied defendant's motion to suppress the results of the breath test, and he was convicted after a trial to the court based on stipulated facts. In an en banc decision, the Court of Appeals affirmed, with four judges dissenting. *State v. Durbin*, 172 Or App 515, 23 P3d 363 (2001). We allowed defendant's petition for review and now reverse the decision of the Court of Appeals.

We take the following facts from the record. Defendant was arrested for DUII after a traffic stop. The arresting officer took defendant to the county jail and began the process required to administer a breath test to determine defendant's blood-alcohol level. As discussed below, a 15-minute observation period must precede administration of a breath test. The officer began the observation period and also started a tape recorder to record his conversation with defendant. When the officer began to ask questions from an Oregon State Police form, defendant stated that he wanted to talk to a lawyer. The officer stopped questioning defendant and asked defendant if he had a lawyer. When defendant replied that he did not, the officer provided him with a list of lawyers and turned off the tape recorder. Defendant then attempted to contact by telephone a lawyer from among those on the list that the officer had provided. On the fifth try, defendant reached a lawyer who was willing to consult with him by telephone. The arresting officer remained in the room and within earshot while defendant conferred with that lawyer.

---

[1] Under ORS 813.010:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a) Has .08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood * * *; [or]

"(b) Is under the influence of intoxicating liquor * * *."

After defendant finished that telephone conversation, he agreed to continue. The officer then read to defendant from an implied consent form provided by the Department of Transportation, informing defendant that he was about to be asked to take a breath test and that he would be subject to criminal penalties if the test established that he was under the influence of an intoxicant.[2] The officer also informed defendant of the consequences of any refusal to take a breath test and then asked defendant questions about his activities that evening. Defendant answered all the officer's questions.

After the officer finished interviewing defendant, defendant agreed to take a breath test. The results of that test showed that defendant's blood-alcohol level was .13 percent. As noted above, defendant was charged with DUII. He moved to suppress the results of his breath test, arguing that his right to counsel was violated because he was denied private consultation with counsel.[3]

At the hearing on the motion to suppress, the officer testified that he was required by law to observe defendant for 15 minutes before asking him if he wanted to take a breath test. The officer explained that, during that 15-minute period, he was required to watch and listen for any regurgitation, burping, or other action that might contaminate the

---

[2] The "implied consent" law is set out in ORS 813.100 and provides, in part:

"(1) Any person who operates a motor vehicle * * * shall be deemed to have given consent, subject to the implied consent law, to a chemical test of the person's breath * * * for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 813.010 * * *. Before the test is administered the person requested to take the test shall be informed of consequences and rights as described under ORS 813.130.

"* * * * *

"(3) If a person refuses to take a test under this section or if a breath test under this section discloses that the person, at the time of the test, had a level of alcohol in the person's blood that constitutes being under the influence of intoxicating liquor under ORS 813.300, the person's driving privileges are subject to suspension under ORS 813.410 * * *."

[3] Defendant also moved to suppress the statements that he made after he invoked his right to counsel. The trial court granted that motion as to statements other than defendant's consent to take the breath test, and the state does not cross-assign error to that ruling.

breath test results.[4] The officer also testified that he did not leave the room when defendant spoke to his lawyer because he would not have been able to "watch and listen" as required during the observation period if he had been outside the room. The trial court denied the motion to suppress the results of the breath test, concluding that the officer's presence was justified under the circumstances and did not deny defendant the right to counsel. Defendant waived his right to a jury trial and, as noted above, was convicted after a court trial on stipulated facts.

Defendant appealed, and the Court of Appeals, en banc, affirmed, holding that the arresting officer's presence in the room while defendant conferred with his lawyer did not violate defendant's right to counsel under Article I, section 11, because defendant had not requested privacy. *Durbin*, 172 Or App at 521. Absent such a request, the Court of Appeals held, the state need not justify the limitations that it placed on defendant's privacy in this case. Accordingly, the majority concluded, the trial court did not err in failing to suppress evidence from the breath test. Four judges dissented. They would have held that defendant did not have to make an independent request that he be allowed to consult with his lawyer privately. In their view, the officer violated defendant's right to counsel under Article I, section 11, by remaining within earshot without sufficient justification. *Id.* at 527 (Haselton, J., dissenting). We allowed defendant's petition for review.

Defendant argues that the right to consult privately with counsel is inherent in the right to counsel that Article I, section 11, provides. It follows, he contends, that the police must afford an arrested driver the opportunity to consult privately with counsel, even if the arrested driver does not make an independent request to consult privately.[5] He also argues

---

[4] The procedure for the pretest observation period is set out in OAR 257-030-0070(2), which provides, in part:

"The operator [must be] certain that the subject has not taken anything by mouth (drinking, smoking, eating, taking medication, etc.), vomited, or regurgitated liquid from the stomach into mouth, for at least fifteen minutes before taking the test[.]"

[5] The parties and the courts below use the terms "privacy," "right to privacy," "right to consult privately," and "confidentiality" interchangeably to describe the

that, even if the police may limit an arrested driver's right to consult privately in some circumstances, the only justification offered here—that the observation period already had begun—is insufficient.

The state responds that the arrested driver enjoys only a limited right to seek legal advice in such circumstances and that that right does not include the right to confer with counsel in private. Alternatively, the state argues that, if the right to counsel at that stage of the criminal proceeding includes the right to confer with counsel in private, then the arrested driver at least must request that right before the police will be required to provide it, and defendant failed to make that request. Finally, the state contends that any limitation on defendant's right to consult with his lawyer privately was justified because the officer already had begun the 15-minute observation period that must precede the breath test.

We agree with the parties that our analysis of this right-to-counsel question concerning a driver's decision to submit to a breath test must begin with this court's decision in *State v. Spencer*, 305 Or 59, 750 P2d 147 (1988). In *Spencer*, an arrested driver, upon being advised of the implied consent law and of the consequences of refusing to take a breath test, asked the police officer if he could call his lawyer before deciding whether to submit to the test. After the officer told him that he could not call his lawyer, the driver submitted to the breath test. The driver later moved to suppress the results of that test, arguing that his right to counsel under Article I, section 11, had been violated.

This court first considered whether an arrested driver who has not been charged formally with a crime enjoys the right to counsel under Article I, section 11, which guarantees the right to counsel "in all criminal prosecutions." This court noted that "[a] person taken into formal custody by the police on a potentially criminal charge is confronted with

communications between a lawyer and a client that are made in the context of seeking and receiving legal advice and are not intended to be disclosed to third persons. Because the terms "privacy" and "right to privacy" are widely used and have different meanings in other areas of the law, we use the terms "confidentiality" or "right to consult privately" to describe the interest that defendant seeks to protect here.

the full legal power of the state, regardless of whether a formal charge has been filed." The court, therefore, concluded that, when that custody is "complete," the person is "ensnared in a 'criminal prosecution' " for purposes of Article I, section 11, and enjoys the right to counsel. 305 Or at 74.

The *Spencer* court noted, however, that the right to counsel at that stage of the criminal prosecution is not as broad as the right to counsel that an accused enjoys at trial. The court explained:

> "The evanescent nature of the evidence the police seek to obtain may justify substantially limiting the time in which the person may exercise his or her Article I, section 11, right, but it does not justify doing away with it.
>
> "We hold that, under the right to counsel clause in Article I, section 11, an arrested driver has the right upon request to a reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test."

*Id.* at 74-75.

Because, in *Spencer*, the police had given the arrested driver *no* opportunity to speak to his lawyer, that case did not require that this court discuss whether the police could place limits—other than a time limit—on an arrested driver's opportunity to obtain legal advice without running afoul of Article I, section 11. Defendant argues that, under *Spencer*, the only permissible limitation is as to the period of time within which the arrested driver has the opportunity to consult with counsel, because it is only such a limitation that is justified by the "evanescent nature of the evidence." Therefore, he argues, once the arrested driver invokes the right to counsel, the police must provide the opportunity to consult with counsel in private because such private consultation is inherent in the right to counsel. The state counters that other "practical necessities inherent in" the administration of the breath test justify limitations on the arrested driver's opportunity to consult with counsel, including, as in this case, the officer's need to observe the arrested driver for an uninterrupted period of 15 minutes before administering the test.

■ We first consider whether the right to counsel necessarily includes the right to confer privately with counsel.

When analyzing an original constitutional provision, this court examines the specific wording of the provision, case law interpreting the provision, and the historical circumstances that led to its creation. *Priest v. Pearce*, 314 Or 411, 415-16, 840 P2d 65 (1992). The relevant words of Article I, section 11—that an accused has the right "to be heard by himself and counsel"—do not give specific guidance in determining whether the right to counsel includes the right to confer privately with counsel. Our cases, however, provide some assistance. As we held in *Spencer*, the right to counsel entitles the arrested driver, upon request, to a "reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test." 305 Or at 74. When one seeks legal advice, the protections of the lawyer-client privilege are implicated, because appropriate legal advice requires frank communication between the client and the lawyer. As this court has recognized, "The purpose of the * * * privilege 'is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.' " *State ex rel OHSU v. Haas*, 325 Or 492, 500, 942 P2d 261 (1997) (quoting *Upjohn Co. v. United States*, 449 US 383, 389, 101 S Ct 677, 66 L Ed 2d 584 (1981)). *See also State v. Jancsek*, 302 Or 270, 274, 730 P2d 14 (1986) ("Lawyers can act effectively only when fully advised of the facts by the parties whom they represent[.]").

■ The foregoing descriptions show why the purpose of the lawyer-client privilege cannot be fulfilled unless the communications between a client and a lawyer are confidential. Confidentiality lies at the heart of the privilege, for unless the communication is "not intended to be disclosed to third persons," it is not protected by the privilege at all. *See* OEC 503(1)(b) (defining "confidential communication" for purposes of lawyer-client privilege). For that reason, we agree with defendant—and with both the majority and dissenting opinions in the Court of Appeals, *see* 172 Or App at 521 (majority); *id.* at 524 (dissent)—that confidentiality is "inherent" in the right to counsel. Accordingly, we hold that, when an individual has a constitutional right to consult with counsel, that right includes the right to confer privately with counsel.

■     We next consider the question that divided the Court of Appeals: whether defendant was required to make a separate request that he be allowed to consult privately with his lawyer. As to that issue, we agree with defendant that his invocation of the right to counsel included the invocation of his right to consult with his lawyer privately. As previously noted, this court held in *Spencer* that, when an arrested driver requests counsel, Article I, section 11, requires that the police afford the driver a reasonable opportunity to obtain legal advice. 305 Or at 74. The cases cited above demonstrate that the confidentiality of communications between a lawyer and a client is critical to the lawyer-client privilege and to the right to counsel. Thus, the request for counsel, by itself, indicates that the arrested driver wants the essential elements that inhere in that right, including the opportunity for confidential communication. A driver arrested for DUII who asks to speak to a lawyer need not make a further, independent request for confidentiality.

■     Having concluded that defendant's right to counsel included the right to confer privately with counsel and that his invocation of the right to counsel was sufficient to request an opportunity to confer privately, we now consider whether, on this record, the presence of the police officer violated defendant's right to counsel. Defendant argues that the presence of the officer within earshot while defendant conferred with his lawyer by telephone violated the confidentiality that is inherent in the right to counsel and, therefore, violated Article I, section 11.

The state's response is two-fold. First, the state argues that, although the officer did not allow defendant to confer privately with his lawyer, the officer did not violate defendant's right to counsel because there was no evidence that defendant's ability to consult with his lawyer in this case was "chilled" or otherwise affected by the officer's presence. Second, the state contends that, even if the officer's presence violated defendant's right to counsel, that violation was justified, because the officer needed to remain close to defendant to continue the observation period that was under way when defendant invoked his right to counsel.

In support of its first argument, the state asserts that defendant made no showing that the officer's presence while defendant consulted with his lawyer interfered with defendant's right to counsel. Even if defendant's right to consult a lawyer in private was violated, the state suggests, defendant failed to show that he felt "chilled" by the officer's presence or that he would have made a different decision about taking the breath test had the officer not been present. We conclude, however, that defendant is not required to make such a showing.

As we discussed previously, the right to communicate confidentially is fundamental to the relationship between a lawyer and a client. For those reasons, the presence of the officer within earshot while defendant consulted with his lawyer breached the confidentiality of the lawyer-client communication and violated defendant's right to counsel under Article I, section 11. In *Spencer*, this court suppressed the results of the defendant's breath test after concluding that his constitutional right was violated, despite the absence of evidence that the defendant would have obtained and followed legal advice that he not take the test. 305 Or at 75. We stated that "[w]e will not speculate" as to the advice that the defendant would have been given or what the defendant's decision based on that advice would have been, concluding instead that "[t]he violation of defendant's right to counsel in this case requires exclusion of the breath test results." *Id.* at 76. Similarly, we will not speculate here as to the effect of the arresting officer's presence on defendant's communications with his lawyer or defendant's decision to take the breath test. As in *Spencer*, we conclude that the violation of defendant's right to counsel in this case requires exclusion of the breath test results.

As to the state's second argument, we conclude that the fact that the officer had begun the observation period before defendant requested counsel does not justify the officer's continued presence while defendant consulted with counsel. As noted above, the officer testified that applicable administrative rules require that a valid breath test be preceded by a 15-minute observation period, that he had begun the observation period before defendant requested counsel, and that he remained in the room with defendant so he could

"watch and listen" to defendant as part of his required observation. However, the fact that an observation period required by rule or statute would have to be terminated is insufficient, standing alone, to justify a violation of defendant's constitutional right to consult with his lawyer privately.

The state asserts that *Spencer* recognized the limited nature of the constitutional right to counsel before taking a breath test and balanced that right against the need to administer the test quickly. The state notes that this court stated in *Spencer* that, "[b]ecause evidence of an arrested driver's blood alcohol dissipates over time, the state is not required to wait for a long period of time before administering the test." 305 Or at 75. The state then points to the comment in *Spencer* that "a period of 15 minutes after the request to take the test has been made will doubtless suffice in most cases," *id.* at n 5, and argues that, because defendant did not request counsel until after the 15-minute observation period already had begun, the officer was not required to interrupt the observation period.

*Spencer* does not stand for the proposition asserted by the state. The reference to a "period of 15 minutes" in *Spencer* is to the time that normally will be sufficient for a person to contact and consult with a lawyer after that person invokes the right to counsel, not to the 15-minute observation period before a breath test. Neither does *Spencer* hold that a request for counsel made after the observation period has begun is "too late" to require that the consultation with counsel be confidential. Ordinarily, it will not be, and this is not the extraordinary case in which the officer testified, for example, that his presence was necessary because so much time had elapsed since defendant's arrest that the officer reasonably feared that he would be unable to obtain a valid breath test by restarting the observation period after defendant had a reasonable period of time to speak privately with a lawyer.

In summary, we hold that a driver arrested for DUII has, upon invoking the right to counsel, the right to a reasonable opportunity to consult privately with counsel before

deciding whether to submit to a breath test. To obtain evidence of an arrested driver's blood alcohol level without violating the driver's right to counsel, police might find it preferable to inform the driver of their intent to administer the breath test and then, if the driver requests counsel, to allow the driver a reasonable time in which to seek legal advice, in private, before beginning the required observation period.

Because, in this case, defendant's right to consult with a lawyer before deciding whether to take the breath test was violated, the trial court should have suppressed the breath test evidence. *Spencer*, 305 Or at 76. Defendant's conviction at trial was based on that evidence and must be reversed.

For the foregoing reasons, we reverse the decision of the Court of Appeals and the judgment of the trial court and remand to the circuit court for further proceedings.