Submitted on records and briefs September 5, reversed and remanded for new trial October 22, 2003

STATE OF OREGON,
*Respondent,*

*v.*

TRESSA WANITA EDWARDS,
*Appellant.*

015349; A119176

78 P3d 141

Peter A. Ozanne, Executive Director, and Ernest G. Lannet, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction on one count of misdemeanor driving under the influence of intoxicants. ORS 813.010. She assigns error to the denial of her motion to suppress the results of a breath test. She argued to the trial court that she was entitled to suppression of the evidence because, before submitting to the test, she had been denied the opportunity to confer with her lawyer in confidence. The state responded that she could not complain of the denial of such an opportunity because, although she requested an opportunity to confer, she did not ask that the conference be confidential. The trial court agreed with the state, and defendant ultimately was convicted.

During the pendency of the appeal, the Supreme Court decided *State v. Durbin*, 335 Or 183, 63 P3d 576 (2003), in which it held that "confidentiality is 'inherent' in the right to counsel" and that a person who requests to consult with counsel need not also ask for confidentiality to preserve the right to a confidential meeting. *Id.* at 190-91. In light of the court's decision, the state now concedes that the judgment should be reversed and the case remanded for a new trial. We accept the concession.

Reversed and remanded for new trial.