Argued and submitted August 27, affirmed December 31, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## WILLIAM HAYES HUNT,
*Defendant-Appellant.*

Clatsop County Circuit Court
057303, 057304;
A133746 (Control), A133747

200 P3d 165

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Presiding Judge, and Schuman, Judge, and Riggs, Senior Judge.

SCHUMAN, J.

## SCHUMAN, J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII).[1] ORS 813.010. He assigns error to the trial court's denial of his motion to suppress evidence that he refused to submit to a breath test, arguing that his refusal should have been suppressed because he was denied his right, under Article I, section 11, of the Oregon Constitution,[2] to consult privately with counsel before deciding whether to submit to the test. We conclude that defendant waived that right. We therefore affirm.

The following undisputed facts are consistent with the trial court's written findings and supported by the evidence. Defendant was arrested for DUII after refusing to perform field sobriety tests. Before he was transported to the jail, defendant twice asked to speak to an attorney. The arresting officer, Odoms, told defendant that he could use a cell phone to call an attorney, but defendant did not have a cell phone. When defendant arrived at the jail, he was photographed; while being photographed, he stood facing an open door to an enclosed room. The door was approximately four feet from him. After being photographed, defendant was seated across from that room in a booking area.

Odoms then began the 15-minute observation period that is required before an officer may administer a breath alcohol test. After approximately five minutes, Odoms, who was completing paperwork related to defendant's arrest, asked defendant for his date of birth. Defendant stated, "I'm not talking to you until I get a lawyer." Odoms responded, "Are you asking for your lawyer? You're welcome to make a phone call," and gestured toward the enclosed room referenced above. Defendant retorted, "I want a lawyer right now," and Odoms reiterated, "You're welcome to make a phone call, sir," gesturing again to the room. Defendant then stated, "I don't know anybody, so keep doing what you're doing." After the required 15-minute observation period had elapsed, Odoms asked defendant if he would submit to a

---

[1] In a consolidated case, defendant was also convicted of reckless driving. ORS 811.140. He does not challenge that conviction on appeal, and we do not address it.

[2] Article I, section 11, provides, in part, "In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel[.]"

breath test. He refused, replying, "Nope. Nope. No. N-O. Negative. No way." At a pretrial hearing, defendant moved to suppress "evidence of the [breath test] refusal" on the ground that he "was not afforded an opportunity to consult with an attorney prior to making a decision on whether to take the breath test." The trial court denied that motion, and defendant was subsequently convicted by a jury.

■ On appeal, defendant renews his argument that he was denied his right to consult privately with counsel before deciding whether to submit to the breath test and that evidence of his refusal should therefore have been suppressed. Specifically, he contends that "the record is * * * devoid of evidence that the officer informed defendant that he would have an opportunity to speak with an attorney in private." The state responds that Odoms's gesture toward the "enclosed, private holding cell/interview room" was sufficient to notify defendant that he would be afforded privacy and that, therefore, defendant knowingly waived his right to consult privately with an attorney when he subsequently stated, "I don't know anybody, so keep doing what you're doing."

In *State v. Spencer*, 305 Or 59, 74-75, 750 P2d 147 (1988), the Supreme Court held that "under the right to counsel clause in Article I, section 11, an arrested driver has the right upon request to a reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test." The court expanded on its description of that right in *State v. Durbin*, 335 Or 183, 192-93, 63 P3d 576 (2003), holding that "a driver arrested for DUII has, upon invoking the right to counsel, the right to a reasonable opportunity to consult *privately* with counsel before deciding whether to submit to a breath test." (Emphasis added.) We applied those principles in *State v. Matviyenko*, 212 Or App 125, 127-30, 157 P3d 268 (2007), concluding that, where the defendant stated that he wanted to call an attorney and the officer provided him with a telephone and phone books but did not leave the room, the officer's presence interfered with the defendant's right to a private consultation because the defendant could reasonably have concluded that "any statements made in the officer's presence would not be confidential, * * * and thus be inclined not to make the call." We held that

"when a DUII arrestee has asked to call an attorney, if an officer intends to remain seated in the room until the call is made, * * * the onus is properly on the officer to inform the arrestee—before the call is made—that, once he or she contacts an attorney, privacy will be afforded."

*Id.* at 130.

■ ■ It follows that a DUII arrestee cannot knowingly waive his previously asserted Article I, section 11, right to consult with counsel unless he has first been notified that he will be afforded privacy to do so. *State v. Sawyer*, 221 Or App 350, 354-55, 190 P3d 409 (2008); *see also State v. Acremant*, 338 Or 302, 321, 108 P3d 1139, *cert den*, 546 US 864 (2005) (to be valid, a waiver of one's previously asserted right to counsel must be "*knowing*, intelligent, and voluntary under the totality of the circumstances") (emphasis added). The burden is on the state to establish the validity of a waiver. *Sawyer*, 221 Or App at 354.

In this case, Odoms provided defendant with an opportunity to call an attorney when she twice informed defendant that he was welcome to make a phone call and gestured toward a room with a phone. The question is whether Odom's gesture toward that room was sufficient to notify defendant that his call would be private. If so, defendant's statement—"I don't know anybody, so keep doing what you're doing"—constituted a valid waiver of a known right. If not, the state failed to adduce sufficient evidence to demonstrate that defendant knowingly waived his right to speak *privately* with an attorney, and the trial court's admission of his refusal to submit to the breath test was error.

We agree with the state that, given the particular facts of this case, Odoms did all that was required under *Matviyenko* when she gestured to the separate, enclosed room. While being photographed, defendant obviously saw that the room had a solid door and thus afforded privacy. Moreover, in contrast to the factual scenarios in *Matviyenko*, *Sawyer*, and *State v. Carlson*, 225 Or App 9, 199 P3d 885 (2008), nothing in the circumstances surrounding defendant's situation indicated or implied to defendant that Odoms intended to enter or remain in the room with defendant until defendant's call was made; rather, in this case,

Odoms directed defendant's attention to a separate, enclosed location and made no indication that she intended to follow him. Thus, Odoms adequately informed defendant that he would be afforded privacy to call an attorney. It follows that defendant knowingly waived his right to counsel when he stated, "I don't know anybody, so keep doing what you're doing." The trial court did not err in admitting defendant's refusal to take the breath test.

Affirmed.