Argued and submitted August 28, 2009, reversed and remanded June 9, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSEPH ELDON ROESLER, SR.,
*Defendant-Appellant.*

Jackson County Circuit Court
074133MI; A139127

234 P3d 1004

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Greg Rios argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

ORTEGA, J.

**ORTEGA, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, contending that the trial court erred by denying his motion to suppress evidence of his refusal to take a breath test. Because the trial court declined to make a finding on a disputed fact and the resolution of that dispute would be dispositive, we reverse and remand.

Except as otherwise noted, the following facts are not disputed. Officer Vollrath arrested defendant for DUII. After reading defendant his *Miranda* rights, Vollrath placed defendant in his patrol car and drove him to a detox center. Defendant's truck was taken to an impound lot, which was located "[n]owhere near the detox center."

When they arrived at the detox center, Vollrath placed defendant in a room where the Intoxilyzer equipment was located. Defendant then asked if he could speak with somebody about his rights. Vollrath, understanding that defendant was requesting to speak with an attorney, provided him with a telephone, a telephone directory, and 15 minutes of complete privacy. Due to eye injuries, however, defendant was unable to read the telephone numbers in the directory without his reading glasses, which were in his truck, and he did not attempt to make any calls.

At the hearing on defendant's motion to suppress, Vollrath and defendant gave competing testimony about the timing of defendant's request for his reading glasses. Defendant testified that he mentioned to Vollrath before he was given time to make telephone calls that he needed his glasses in order to see the telephone book and that Vollrath responded that it "sound[ed] like a personal problem" and left the room. Vollrath, however, testified that defendant mentioned his glasses, which were in his truck, after the 15-minute calling period was over and that Vollrath had no glasses on hand for defendant. Both agree that, at that point, defendant asked if Vollrath could dial an attorney for him. Vollrath declined to assist defendant with his requests and asked him to submit to a breath test. Defendant responded that he would do so after speaking with an attorney, which Vollrath took as a refusal to submit to a breath test.

Before trial, defendant moved to suppress evidence of his refusal to take a breath test. Defendant argued that he was denied a reasonable opportunity to consult with an attorney before deciding to submit to a breath test, because Vollrath did not retrieve his reading glasses or dial an attorney's telephone number for him. The trial court declined to decide the issue of the timing of defendant's request for his reading glasses. Instead, the trial court reached its decision on the following basis:

> "I don't think [defendant's] right to obtain a counsel was denied. He had the phonebook, he had the phone, he had 15 minutes. I don't—unless you've got a case that says people have to provide reading glasses when they may or may not have even made it clear that's what they needed, I mean, I don't know what else [the officer] could have offered, what else [he] could have done there."

The trial court denied defendant's motion to suppress evidence of his refusal to take a breath test. Defendant subsequently entered a conditional plea of no contest, reserving his right to appeal the denial of the motion to suppress, and was convicted of DUII.

On appeal, defendant assigns error to the trial court's denial of his motion to suppress. We review the denial of that motion for errors of law, deferring to the trial court's factual findings where there is sufficient evidence in the record to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). Where findings of fact are not made on all the issues, and there is evidence from which particular facts could be decided in more than one way, we will presume that the facts were decided in a manner consistent with the trial court's order. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). In this case, however, given the fact that the trial court declined to decide the issue of the timing of defendant's request for his reading glasses, we cannot assume, as in *Ball v. Gladden*, that the trial court implicitly resolved that critical factual issue in the state's favor. *State v. Woodall*, 181 Or App 213, 221 n 2, 45 P3d 484 (2002).

Under Article I, section 11, of the Oregon Constitution, an arrested driver has the right on request to a reasonable opportunity to obtain legal advice before deciding whether

to submit to a breath test. *State v. Spencer*, 305 Or 59, 74-75, 750 P2d 147 (1988). A violation of that right warrants suppression of the breath test results. *Id.* at 76. The right to a reasonable opportunity to consult with an attorney in private before submitting to a breath test, however, is not unlimited. *State v. Matviyenko*, 212 Or App 125, 129, 157 P3d 268 (2007). As the Supreme Court held in *Spencer*, "[b]ecause evidence of an arrested driver's blood alcohol dissipates over time, the state is not required to wait for a long period of time before administering the test." 305 Or at 75. The Supreme Court noted that "a period of 15 minutes after the request to take the test has been made will doubtless suffice in most cases." *Id.* at 75 n 5. Moreover, a defendant has no absolute right to reach an attorney; rather, he has only the right to a reasonable opportunity to do so. *State v. Brazil-Kay*, 137 Or App 589, 596, 907 P2d 1116 (1995), *rev den*, 323 Or 484 (1996). The state has the burden to show that a defendant was afforded a reasonable opportunity to consult with counsel in private. *State v. Carlson*, 225 Or App 9, 14, 199 P3d 885 (2008).

Here, the timing of defendant's request for his reading glasses is a critical factual issue in determining whether defendant had a reasonable opportunity to consult with an attorney before deciding whether to submit to a breath test. Because the trial court declined to decide that issue, we now analyze the competing testimony, in order to evaluate the denial of defendant's motion to suppress.

If, as Vollrath testified, defendant made his additional requests only *after* he was given an opportunity to contact an attorney, defendant was not denied a reasonable opportunity to consult with an attorney before deciding to submit to the breath test. In *State v. Tyon*, 226 Or App 428, 204 P3d 106 (2009), we considered circumstances similar to those at issue here. In that case, the defendant did not raise the claimed impediments to his ability to make a call until after he had been given a reasonable amount of time to contact an attorney. Although the officer assisted the defendant with his additional requests, we stated that the officer "went beyond what was constitutionally required" by assisting the defendant, because the defendant had already been provided with a reasonable opportunity to contact an attorney. *Id.* at

438. Likewise here, if Vollrath's testimony is believed, defendant already had been given a reasonable opportunity to consult with an attorney before he informed Vollrath that he needed his reading glasses or assistance with reading the directory. Thus, if the facts were consistent with Vollrath's testimony, defendant's motion to suppress was properly denied.

If, on the other hand, the factfinder were to believe defendant's testimony that he asserted a need for reading glasses *before* Vollrath gave him an opportunity to contact an attorney and that, despite that assertion, Vollrath denied defendant any assistance, the denial of defendant's motion to suppress would be erroneous, because defendant had no reasonable opportunity to consult an attorney. In *Carlson*, 225 Or App at 13-15, we considered whether the defendant had a reasonable opportunity to consult with an attorney before submitting to a breath test.[1] The defendant was handcuffed and placed in a holding cell, which had a telephone for inmate use. Because the defendant was handcuffed, the officer attempted to place calls for the defendant. At trial, one of the issues was whether the telephone was working correctly, because the officer heard a "tone" after making each call, which suggested to him that the call had not gone through. *Id.* at 11-12. Ultimately, the trial court denied the defendant's motion to suppress, concluding that the defendant had been provided a reasonable opportunity to consult with an attorney. *Id.* at 13. On appeal, we explained that, in order to establish that the defendant had been afforded a reasonable opportunity under those circumstances, the state had to prove that the inmate telephone was operational and, because the defendant was handcuffed, that the officer was able to use it for him. We stated that, "[a]bsent either circumstance, [the] defendant would have had *no* realistic opportunity, let alone a reasonable opportunity, to contact his attorney[.]" *Id.* at 14 (emphasis in original). Ultimately, we concluded that the only evidence in the record indicated that the officer lacked the knowledge to properly operate the telephone and, accordingly, we reversed and remanded. *Id.* at 15.

---

[1] Our opinions in *Carlson* and *Tyon* issued after the judgment of conviction was entered in this case.

Similarly here, if Vollrath had been advised of defendant's need for reading glasses, then, in order to prove that defendant had a reasonable opportunity to consult with an attorney, the state was required to show that defendant was able to effectively use the telephone with the assistance of reading glasses or the officer's assistance in locating a number or dialing the telephone. Because the trial court declined to decide the issue of the timing of defendant's assertion of the need for reading glasses, we cannot tell whether the motion to suppress was properly denied. We remand the case to the trial court to resolve that disputed factual issue.

Reversed and remanded.