Submitted April 28, 2015, reversed and remanded July 27, 2016, petition for review denied January 13, 2017 (360 Or 752)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN A. GREEN,
aka Joshua A. Green,
aka Jonathan Arthur Green,
*Defendant-Appellant.*

Multnomah County Circuit Court
130242223; A154814

379 P3d 689

Peter Gartlan, Chief Defender, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

**FLYNN, J.**

In this appeal from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, defendant assigns error to the trial court's denial of his motion to suppress the results of the Intoxilyzer breath test. The issue is whether sheriff's deputies denied defendant the right to consult with counsel before he consented to take the test by remaining in the room while defendant spoke to the receptionist for an attorney or by terminating defendant's call while defendant remained on hold for the attorney. The trial court accepted defendant's description of events at the police station but denied the motion to suppress. The state then tried its case to the jury, which found defendant guilty of misdemeanor DUII. We conclude that defendant was denied the right to counsel guaranteed by Article I, section 11, of the Oregon Constitution when deputies remained within earshot during his conversation with the attorney's receptionist. We, therefore, reverse and remand without addressing defendant's argument that the officers afforded defendant too little time to reach the lawyer.[1]

## BACKGROUND

The material facts are not in dispute. Defendant was arrested for DUII and taken to the Gresham police department, where a sheriff's deputy began an observation period prior to administering the Intoxilyzer breath test. Defendant asked to speak with an attorney, so the deputy returned defendant's cell phone and provided a phone book. The deputy remained in the "same small room with him the whole time, moving around, trying to work on paperwork getting ready for the [breath test]." But the deputy advised defendant that he could have privacy once he reached a lawyer.

Defendant first called his girlfriend to ask her to look up attorney numbers on the internet and then called

---

[1] We reject without further discussion defendant's challenge to the trial court's denial of a second motion to suppress, in which defendant argues that his consent to the breath test was involuntary because the "implied consent warning" conveys an impermissible threat. Defendant recognizes that the Supreme Court has held otherwise, *State v. Moore*, 354 Or 493, 318 P3d 1133 (2013), *adh'd to as modified on recons*, 354 Or 835, 322 P3d 486 (2014), but contends that *Moore* was wrongly decided. That is an argument for the Supreme Court to address.

a number that she found. Defendant reached a receptionist for the attorney, answered her questions about his situation and the purpose of his call and then waited on hold to speak to the attorney.[2]

Defendant testified that the officer's presence and proximity during the conversation with the attorney's receptionist limited his choice of words and made him feel uncomfortable about providing answers to some of the receptionist's questions. However, defendant did not tell the deputy that he had reached an attorney's office, and the deputy testified that he did not hear "any kind of linear conversation that would lead [him] to believe that he had actually contacted an attorney."

While defendant remained waiting on hold to speak to the attorney, the deputy gave several warnings that defendant's phone time was running out and ultimately took the phone before defendant was able to speak to the attorney. Defendant then consented to the breath test, and the state relied on the results at trial.

## DISCUSSION

The right to counsel guaranteed by Article I, section 11, of the Oregon Constitution includes the right of a driver arrested for DUII to a reasonable opportunity to consult with counsel, upon request,[3] before deciding to submit to a breath test. *State v. Spencer*, 305 Or 59, 74-75, 750 P2d 147 (1988); *State v. Lile*, 267 Or App 712, 716, 341 P3d 162 (2014) *rev allowed*, 357 Or 712, *rev dismissed*, 358 Or 374 (2015) (citing *Spencer*, 305 Or at 74-75).[4] It is the state's bur-

---

[2] The state asserts in its brief on appeal that, "assuming that defendant actually was on hold with anyone, it is not clear that that was not some generic answering service." In the trial court, however, the state did not dispute that defendant called an attorney's office and reached a representative of the attorney, with whom defendant communicated about his need for legal advice. Rather, the state contended only that defendant was not entitled to privacy until he reached an attorney and that he was allowed sufficient time to do so.

[3] We have held that a DUII suspect's right to consult counsel regarding whether to take the breath test does not encompass situations "where the suspect never indicated any wish to contact an attorney." *State v. Mendoza*, 234 Or App 366, 372, 228 P3d 635 (2010).

[4] We decline the state's invitation to explore whether the Supreme Court's decision in *Spencer* misconstrued the scope of the right to counsel under Article I, section 11.

den to prove that the arrestee was afforded a reasonable opportunity to consult with counsel. *Lile*, 267 Or App at 716 (citing *State v. Carlson*, 225 Or App 9, 14, 199 P3d 885 (2008)). And, "[w]hen that right is violated, the remedy is to suppress the results of (or refusal to take) the breath test." *Id.* (citing *Spencer*, 305 Or at 76).

We begin, and end, our analysis with defendant's argument that the deputy denied him the right to counsel by remaining in close proximity during defendant's conversation with the attorney's receptionist. Inherent in the right to counsel is "the right to confer privately with counsel." *State v. Durbin*, 335 Or 183, 190, 63 P3d 576 (2003). Thus, a driver who requests the opportunity to consult with counsel before deciding whether to submit to a breath test need not separately request the opportunity to consult in private. *Id.* at 191.

Defendant relied on *Durbin* to support his argument in the trial court that he was denied the opportunity for private conversation. In rejecting that argument, the trial court reasoned that the right to consult privately did not extend to defendant's conversation with the attorney's receptionist:

> "The fact that the reception for the lawyer's office, the receptionist, whoever that might have been, thought it was important to ask questions, under circumstances were probably foolish to ask, doesn't require that the unknown receptionist be regarded as being a lawyer or that the State's representative is required to intuit that he has a desire—that he's reached someone that he wants to talk to, to relay information to a lawyer and he wants to do that in privacy, where he's been informed that he had a right to privacy when he reaches the attorney."

We have since rejected the distinction that the trial court drew between an attorney and the attorney's receptionist. *Lile*, 267 Or App at 716-18.

After the parties completed the briefing in this case, we held in *Lile* that "the right to counsel under Article I, section 11, includes the right to privacy when communicating with an attorney, through the attorney's representative." 267 Or App at 718. Because the officer in *Lile* remained

within earshot while the defendant spoke with the attorney's receptionist about the breath test, we held that the officer violated the defendant's right to counsel under Article I, section 11, and that the trial court erred in admitting the breath test results. *Id.* at 719. We explained that "confidential communications between a client and an attorney can be direct or indirect." *Id.* at 718 (citing OEC 503(2)(a) and 503(1)(e)). And we concluded that, "[w]hen a client is speaking to an attorney's representative to relay information to the attorney for the purposes of obtaining legal advice, the client is communicating with the attorney indirectly and those indirect communications are entitled to the same privacy as direct communications to the attorney." *Id.* Applying *Lile* and *Durbin* to the facts of this case, defendant's request to consult with an attorney invoked his right to privacy for that conversation and included the right to privacy for his conversation with the attorney's receptionist.

Although neither party filed a memorandum of additional authorities to discuss *Lile*, the state argues that defendant's right to counsel was not violated because the deputy advised that he would leave the room when defendant reached an attorney and did not know that defendant had reached anyone associated with an attorney's office. Indeed, the state insists that "defendant's position is untenable because, as he acknowledges, defendant never informed the deputy that he had reached someone associated with an attorney's office." Defendant responds that the state's approach improperly places the "onus" on the arrestee to repeat a request for private consultation after having already requested privacy as an inherent component of the request to consult with counsel.

The state's argument relies on *State v. Matviyenko*, 212 Or App 125, 130, 157 P3d 268 (2007), in which we "acknowledge[d] that an officer may be justified in remaining in the room until contact with an attorney is made" to ensure that the suspect does not use the telephone "for some inappropriate purpose." We held that the officer violated the defendant's right to counsel by remaining in the room while the defendant called an attorney. *Id.* at 129. We added the observation on which the state relies before emphasizing that "if an officer intends to remain seated in the room

until the call is made, we think that the onus is properly on the officer to inform the arrestee—before the call is made—that, once he or she contacts an attorney, privacy will be afforded." *Id.* at 130. However, we have yet to address the state's premise that *correct* advice regarding when the arrestee will be afforded privacy alters the state's burden to prove that the arrestee was afforded a reasonable opportunity to consult with counsel. And we are not called upon to address the question in this case because defendant was incorrectly advised that his right to privacy extended only to conversations with an attorney.

The state also argues that the breath test results should not be suppressed because there is no evidence that defendant's right to contact an attorney was "chilled" by the officer's presence while defendant spoke with the attorney's representative. As we explained in *Lile*, that argument "misses the point; the receptionist was the means through which defendant could confidentially communicate with, and obtain legal advice from, his attorney." 267 Or App at 719. When an officer remains within earshot during that confidential conversation, "the officer's presence is presumed to have had a chilling effect on the driver's exercise of the right to counsel." *Id.* at 717 (citing *Durbin*, 335 Or at 192). To avoid suppression, the state must overcome that presumption, and it has not done so in this case. Thus, evidence of defendant's breath test results must be suppressed. *See id.* at 719 (suppressing breath test results because we could not say "without speculating, that the officer's presence had no effect on the defendant's exercise of his right to counsel").

Reversed and remanded.