Argued and submitted September 30, 2013, affirmed May 21, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HORACIO HERNANDEZ HERNANDEZ,
*Defendant-Appellant.*

Tillamook County Circuit Court
107134; A148108

326 P3d 1285

Kristin A. Carveth, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jennifer S. Lloyd, Attorney in Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Douglas F. Zier, Senior Assistant Attorney General.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Schuman, Senior Judge.

DUNCAN, P. J.

48

## DUNCAN, P. J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. He claims that the trial court erred in denying his motion to suppress evidence of his refusal to take an Intoxilyzer breath test because the state failed to prove that he knowingly waived his right to consult privately with counsel before deciding whether to take the test. Because, as explained below, defendant did not preserve that claim, we affirm.

On December 7, 2010, Deputy Hanratty of the Tillamook County Sheriff's Office arrested defendant for DUII. Hanratty transported defendant to the county jail. The parties dispute what happened at the jail. According to the state, after arriving at the jail, Hanratty administered several field sobriety tests to defendant and then took him to the Intoxilyzer room. Hanratty read defendant an "implied consent" form and asked defendant if he would agree to take a breath test. In response, defendant said that he wanted to speak with an attorney. At that point, Hanratty left the room and asked Deputy Roberts, who worked in the jail, to bring defendant a phone. Roberts brought a phone into the Intoxilyzer room, while Hanratty observed Roberts and defendant through a window. Roberts set up the phone and stayed in the room with defendant. Hanratty indicated that, "after a while," he saw Roberts carrying the phone away from defendant. Hanratty asked Roberts what had happened, and Roberts said that defendant no longer wanted to talk with an attorney. Hanratty then confirmed with defendant directly that he no longer wanted to talk with an attorney. Hanratty then asked defendant whether he would take the breath test, and defendant refused.

Defendant had a different view of what transpired at the jail. Before trial, he moved to suppress evidence of his refusal on the grounds that he was denied the right to speak with an attorney before taking the breath test. *See State v. Spencer*, 305 Or 59, 74-75, 750 P2d 147 (1988) (holding that, under Article I, section 11, of the Oregon Constitution, an arrested driver, upon request, has the right to a reasonable opportunity to consult with an attorney before deciding

whether to submit to a breath test). Defendant asserted that he had asked to speak with an attorney and was denied a reasonable opportunity to do so; he contended that he never withdrew his request to consult with counsel. He claimed that there had been a breakdown in communication, and that he had not understood what was being asked of him when he allegedly said that he no longer wanted an attorney because he is unable to understand or to speak English and because the Sheriff's Office failed to provide a Spanish interpreter in the Intoxilyzer room. Defendant relied upon ORS 133.515(2)[1] and *Staglin v. DMV*, 227 Or App 240, 205 P3d 90, *rev den*, 346 Or 364 (2009), to argue that the officers' failure to provide an interpreter caused a miscommunication that denied him his "right to communicate" with an attorney.

The trial court denied defendant's motion to suppress the breath test refusal and issued written findings of fact and conclusions of law. In its ruling, the court found "that Deputy Hanratty was credible and the Defendant was not" and the court also found that "Defendant does understand English to some degree." The court concluded:

> "Regarding the question did the Deputies accommodate the Defendant's request to communicate with Counsel, the Defendant told Deputy Roberts that the Defendant did not want to speak with a lawyer and handed Deputy Roberts the phone back. The Defendant verbally and physically communicated that he did not want to speak with a lawyer at that time. Deputy Hanratty then questioned the Defendant about changing his mind in that room on the night of the incident. The Defendant said he did not want to speak to an attorney. The Defendant's statement that the Deputies misunderstood him is not well taken. Deputy Hanratty spoke to the Defendant at the jail in English. The Defendant went through the Field Sobriety Tests with communication done in English. The Defendant was asked the questions on State's Exhibit #1 [Alcohol Influence

---

[1] ORS 133.515(2) provides:

"Upon the arrest of a person with a disability and before interrogating or taking the statement of the person with a disability, the arresting peace officer * * * shall make available to the person with a disability, at the earliest possible time, a qualified interpreter to assist the person with a disability throughout the interrogation or taking of a statement."

Interview Report] in English and without an interpreter those questions were answered. After the Breath test was refused the Deputy started the booking process and asked the Defendant his cell phone number. At that point the Defendant said he did not understand. But when Deputy Hanratty turned over the booking process to Deputy Roberts, Deputy [Roberts] asked the exact same question in English and the Defendant answered in English.

"The Court finds that the Deputy did accommodate the Defendant's request to speak to an attorney."

After the denial of defendant's motion to suppress, the case was tried to a jury, and defendant was convicted of DUII. Defendant appeals.

On appeal, defendant argues that the trial court erred in denying his motion to suppress because the state did not carry its burden of proving that defendant "knowingly waived" his "right to speak *privately* with an attorney." (Emphasis in original.) Defendant argues that, because Roberts stayed with defendant in the Intoxilyzer room during the time when he was permitted to call an attorney and because the record is "devoid" of any evidence that Roberts informed defendant that he would be given privacy during the call once he contacted an attorney, defendant's failure to call an attorney cannot be considered a "knowing waiver." Defendant relies on *State v. Matviyenko*, 212 Or App 125, 130, 157 P3d 268 (2007), in which we held that, "when a DUII arrestee has asked to call an attorney, if an officer intends to remain seated in the room until the call is made, * * * the onus is properly on the officer to inform the arrestee—before the call is made—that, once he or she contacts an attorney, privacy will be afforded."

Before we can address the merits of defendant's argument on appeal, we first must determine whether defendant's argument is adequately preserved. *State v. Wyatt*, 331 Or 335, 345-47, 15 P3d 22 (2000). We will not review an unpreserved claim of error unless it is an "error of law apparent on the record." ORAP 5.45(1); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (stating standards that appellate courts apply when reviewing

such errors). "The determination whether a particular issue was preserved for appeal is a practical one and depends on whether the policies behind the preservation requirement are met in an individual case." *State v. Whitmore*, 257 Or App 664, 666, 307 P3d 552 (2013) (citations omitted). The focus in determining whether an issue has been adequately preserved in a particular case is "whether a party has given opponents and the trial court enough information to be able to understand the contention and to fairly respond to it." *State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011); *Wyatt*, 331 Or at 343 ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted."); *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995) (the preservation requirement ensures fairness by requiring parties to clearly present their positions to the trial court so that "parties are not taken by surprise, misled, or denied opportunities to meet an argument").

As we have described, defendant's motion to suppress was based on a claim that, after invoking his right to counsel, he never waived it. Defendant's argument was that, because he did not understand English, there were miscommunications that caused the officers to mistakenly believe that defendant had changed his mind about talking with an attorney. The state presented evidence to rebut that claim, and the trial court found that defendant understood English and had "verbally and physically communicated that he did not want to speak with an attorney * * *."

On appeal, however, defendant contends that the state failed to prove that he knowingly waived the Article I, section 11, "right to private consultation," because the state did not present any evidence that the officers advised him that he would be afforded privacy once he reached an attorney. *See Matviyenko*, 212 Or App at 130. Defendant did not make that argument in the trial court. At the suppression hearing, defendant's argument focused on whether he had told the officers that he no longer wanted an attorney. He never argued separately that, even if he had told the officers

that he no longer wanted an attorney, that statement did not constitute a valid waiver because the officers did not inform him of his "right to private consultation." Had he done so, the state might have developed a different record, attempting to demonstrate, for example, that Hanratty or Roberts properly informed defendant of his "right to private consultation" or that the circumstances indicated that his "right to private consultation" would not be violated when he spoke with his attorney. *See State v. Hunt*, 225 Or App 51, 55-56, 200 P3d 165 (2008) (holding defendant knowingly waived his right to private consultation where officer informed defendant he was welcome to make a phone call, directed defendant's attention to a separate and enclosed room, and made no indication he would follow him). Given the difference between defendant's trial and appellate arguments, we conclude that his argument is unpreserved, and we decline to address it. *See State v. Pickle*, 253 Or App 235, 244-45, 288 P3d 1039 (2012), *rev den*, 353 Or 428 (2013) (holding that the defendant failed to preserve an argument that scope of his consent to police officer's search of his vehicle did not extend to boxes located inside a vehicle; defendant's suppression motion was based on his denial of having given consent to search at all, not on any separate argument regarding the scope of consent); *State v. Jones*, 217 Or App 110, 115, 174 P3d 1037 (2007) (holding that the defendant's trial court argument that "no consent was given at all" did not preserve a scope-of-consent argument for appeal).

Affirmed.